E-FILED
Wednesday, 23 November, 2011  01:52:03 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAVID FUENTES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3073 |
| | ) | |
| DR. VIPIN SHAH et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

A status conference was held on November 21, 2011.  Plaintiff appeared *pro se* by video conference.  Defense counsel, David Walter and Lisa Cook, appeared in person.

Discussion was had regarding service on Nurse "Heather" and Dr. "Parth."  Plaintiff recently filed a motion to amend identifying Nurse Heather's last name as "Rea."  However, Mr. Walter indicated that the correct last name is "Ren," according to his information.  Mr. Walter also indicated that Ms. Ren is a former employee of Wexford.  The day after

1

the status hearing, Mr. Walter provided a forwarding address for Ms. Ren.  A waiver of service will be sent to Ms. Ren at her forwarding address.

As for Dr. "Parth," his correct name is Parthasarathi Ghosh.  He is no longer a Wexford employee  The clerk has confirmed the correct forwarding address with the information provided by Mr. Walter.  However, the address held by the clerk had an incorrect zip code.  The clerk will send another waiver to Dr. Ghosh, using the correct name and zip code.

If the waivers to Ren and Ghosh are not signed and returned, the Court will direct personal service by the U.S. Marshals.

Also discussed was Plaintiff's motion to compel filed November 18, 2011.  Plaintiff seeks to identify the "Doe" defendant or defendants working in the health care unit who were contacted in response to his grievances.  The grievance responses state only that "HCU staff" were contacted.

Mr. Walters offered that he has the same information Plaintiff has

and does not know to whom the "HCU staff" reference refers.  The person contacted could have been Dr. Ghosh or Ms. Fuqua, who are already defendants.  Defense counsel is going to check with their clients to determine if their clients had any knowledge of who in HCU was contacted in regards to Plaintiff's grievances, or who likely would have been the HCU contact person during the relevant time frame.

Plaintiff also seeks his medical records, which Mr. Walter has agreed to provide to Plaintiff.  Accordingly, Plaintiff's motion to compel will be denied as moot.  Plaintiff may renew his motion to compel if the information supplied is not responsive.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to amend is granted (d/e 70).  The clerk is directed to update the docket to show that Defendant Nurse Heather's last name is "Ren."

2) The clerk is directed to update the docket to show that Dr. "Parth's" correct name is Parthasarathi Ghosh.

3) The clerk is directed to send, by certified mail, two copies of the

3

waiver of service form to Defendants Dr. Ghosh and Ms. Ren at their respective forwarding addresses, along with a copy of the complaint, a prepaid envelope for returning the form, and a copy of this order. **The Court will order the U.S. Marshals to personally serve Dr. Ghosh and/or Ms. Ren if signed waivers are not returned. Federal Rule of Civil Procedure 4(d)(2) requires the Court to impose service costs on any defendant who fails to returned a signed waiver of service.**

4) Within seven days of the entry of this order, Mr. Walter is directed to send Plaintiff a copy of Plaintiff's medical records in Mr. Walter's possession.

5) Mr. Walter and Ms. Cook are directed to ask their clients who in the health care unit responded to Plaintiff's grievances filed between March, 2009, and July, 2009, or, who would have likely responded during this time frame. Within fourteen days of the entry of this order, Mr. Walter and Ms. Cook are directed to provide the responses they received to Plaintiff and to file a notice of compliance with this Court. The parties are reminded that they have a continuing duty to supplement

4

their discovery responses under Fed. R. Civ. P. 26(e).

6) Plaintiff's motion to compel is denied as moot (d/e 72), with leave to renew if the information he receives from Defendants pursuant to this order is not responsive.

ENTERED:    November 23, 2011

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE

5