UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAVID FUENTES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3073 |
| | ) | |
| DR. VIPIN SHAH et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff pursues claims alleging deliberate indifference to his serious medical needs regarding his spina bifida, spinal cord injuries, and soy intolerance. Several motions are before the Court, addressed in turn below.

IT IS THEREFORE ORDERED THAT:

1)   Plaintiff's motion to compel part of his medical records is granted in part (d/e 84). The motion is denied as to Defendants Dr. Shah and Williams, who have already produced the medical records they have.

1

The motion is granted as to Defendant Fuqua regarding Plaintiff's medical records from 2000 to 2006, to the extent not already produced. Plaintiff asserts that these records disclose treatment of his medical conditions, making them potentially relevant. Defendant Fuqua has not identified any undue burden in producing these records to Plaintiff.

2) The motion to strike by Defendants Shah and Williams is denied as moot (d/e 97).

3) Plaintiff's motions for leave to file amended complaints are denied (d/e's 87, 99). Leave to amend should be "freely give[n] when justice so requires," Fed. R. Civ. P. 15(a)(2), but "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008).

Plaintiff's motions to amend are unnecessary to the extent he seeks to expand on his existing claims against the existing Defendants. To the extent Plaintiff seeks to inject new claims and new defendants, he does

not explain his delay.  Plaintiff filed his original complaint in March 2011, and discovery deadlines were set in September 2011.  Plaintiff now seeks to add a new doctor defendant, Dr. Zhang, regarding lack of treatment from 2010 in Stateville Correctional Center.  Plaintiff does not explain why Dr. Zhang was not included earlier.  Plaintiff also does not explain why he has delayed seeking to add Wexford Health Sources, Inc., but, in any event, he states no plausible claim that Wexford has an unconstitutional policy that caused the deprivation of his rights. Wexford cannot be liable for Defendant Ren's actions simply because Wexford was Ren's employer.  <u>Iskander v. Village of Forest Park</u>, 690 F.2d 126, 128 (7th Cir. 1982)(no 42 U.S.C. § 1983 respondeat superior liability for municipality or private corporation).  Accordingly, the motions to amend are denied for reasons of undue delay and futility.

    4) Pursuant to the Court's order of December 13, 2011, Defendant Ren is dismissed, without prejudice, for Plaintiff's failure to locate her for service.

    5) Defendant "John Doe" is terminated, as this Defendant appears

to be Defendant Fuqua, who has already been served, and because Plaintiff has failed to otherwise identify John Doe for service.

ENTERED:     January 17, 2012

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE